UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVONTE B. HARRIS,

              Plaintiff,

     v.

HUMBERTO GERMAN, et al.,

              Defendants.

1:15-cv-01462-GSA-PC

**ORDER REQUIRING FURTHER RESPONSE TO ORDER TO SHOW CAUSE (ECF No. 15.)**

**FIFTEEN-DAY DEADLINE TO RESPOND**

Devonte B. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 28, 2015. (ECF No. 1.)

On December 18, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

I.     **BACKGROUND**

On March 14, 2016, Plaintiff filed the First Amended Complaint as a matter of course. Fed. R. Civ. P. 15(a). (ECF No. 8.) On February 24, 2017, the court issued an order to show

cause, requiring Plaintiff to file a response within thirty days showing cause why his claims should not be dismissed as barred by the statute of limitations.  (ECF No. 15.)  The court found that it appears on the face of the First Amended Complaint that Plaintiff filed this case after the tolling of the four-year statute of limitations.

On March 16, 2017, Plaintiff filed a response to the order, claiming that the statute of limitations for him was tolled until September 29, 2011, while he completed the mandatory exhaustion process.  Plaintiff contends that because he filed this case on September 28, 2015 -- less than four years after September 29, 2011 -- his claims are not barred by the statute of limitations.

## II.    DISCUSSION

Plaintiff has responded to the court's order under the assumption that the four-year statute of limitations applies to him.   However, the applicable statute of limitations for Plaintiff's claims may be less than four years.  It is apparent on the face of the First Amended Complaint that Plaintiff's claims in this action are barred if the statute of limitations applicable to him is less than four years.  Therefore, Plaintiff must provide additional information before the court can make a determination.[1]

If § 352.1 of California Code of Civil Procedure does not apply to Plaintiff, he is subject to a two-year statute of limitations.  Section 352.1 provides, in pertinent part:

> (a) If a person entitled to bring an action, . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years.

Under § 352.1, if Plaintiff is serving a life term, § 352.1 is not applicable to him, and he is not eligible for tolling as a prisoner.  Therefore, Plaintiff shall be required to inform the court whether he is serving a life term or a term less than life.

---

[1] The federal court borrows the two-year California statute of limitations, Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999)); see Jones v. Blanas, 393 F.3d 918, 927 (2004), and if applicable, two more years are tolled under § 352.1 for prisoners, resulting in a four-year statute of limitations, Cal. Code Civ. P. § 352.1.

**III.     CONCLUSION**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.     Within fifteen days of the date of service of this order, Plaintiff is required to respond in writing to the court, indicating whether he is serving a life term or a term less than life; and

2.     Plaintiff's failure to comply with this order shall result in the dismissal of this case.

IT IS SO ORDERED.

Dated:   __**March 22, 2017**__              _____**/s/ Gary S. Austin**_____
                                                         UNITED STATES MAGISTRATE JUDGE