UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>      Plaintiff,<br><br>v.<br><br>HUMBERTO GERMAN, et al.,<br><br>      Defendants. | 1:15-cv-01462-DAD-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CLAIMS AND DEFENDANTS CONSISTENT WITH MAGISTRATE JUDGE'S PRIOR ORDER IN LIGHT OF <u>WILLIAMS</u> DECISION<br><br>(ECF NO. 23.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

## I. BACKGROUND

Devonte B. Harris ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 28, 2015. (ECF No. 1.)

Plaintiff has consented to magistrate judge jurisdiction, and no other parties have appeared. (ECF No. 7.)

On September 11, 2017, the court issued a screening order finding that Plaintiff stated cognizable claims against defendants Correctional Officers Humberto German, Philip Holguin, and R. Bunitzki for use of excessive force in violation of the Eighth Amendment, and against

1

Correctional Officer Philip Holguin for retaliation in violation of the First Amendment, but no other claims against any of the Defendants. (ECF No. 21.) The court's order required Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only against Defendants German, Holguin, and Bunitzki on the claims found cognizable by the court. (Id.) On October 12, 2017, Plaintiff filed a notice that he did not wish to file an amended complaint and was willing to proceed with the cognizable claims. (ECF No. 22.)

Based on Plaintiff's representations in the October 12, 2017, notice, the magistrate judge issued an order on October 18, 2017, that this case to proceed only against defendants Correctional Officers Humberto German, Philip Holguin, and R. Bunitzki for use of excessive force in violation of the Eighth Amendment, and against Correctional Officer Philip Holguin for retaliation in violation of the First Amendment, and dismissing all remaining claims and defendants. (ECF No. 23.) In the order, the magistrate judge dismissed Defendants C/O Summer Cordova, C/O L. Borgess, C/O R. Womack, C/O D. Lovelady, C/O D. Menzie, C/O D. Botello, C/O S. Pano, C/O R. Leal, Sergeant J. Martinez, Sergeant W. Rasley, and Sergeant J. Hubbard from this action, for Plaintiff's failure to state any claims against them. (Id.) The magistrate judge also dismissed Plaintiff's claims for failure to protect, false reports, and destruction of video, for Plaintiff's failure to state a claim. (Id.)

As described below, in light of Ninth Circuit authority, this court is recommending that the assigned district judge dismiss Defendants C/O Summer Cordova, C/O L. Borgess, C/O R. Womack, C/O D. Lovelady, C/O D. Menzie, C/O D. Botello, C/O S. Pano, C/O R. Leal, Sergeant J. Martinez, Sergeant W. Rasley, and Sergeant J. Hubbard from this action, and dismiss Plaintiff's claims for failure to protect, false reports, and destruction of video, for Plaintiff's failure to state a claim under § 1983, consistent with the October 18, 2017, order by the magistrate judge at the screening stage.

## II. WILLIAMS V. KING

On November 9, 2017, the United States Court of Appeals for the Ninth Circuit held that a magistrate judge lacked jurisdiction to dismiss a prisoner's case for failure to state a claim at the screening stage where the Plaintiff had consented to magistrate judge jurisdiction

and defendants had not yet been served. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Specifically, the Ninth Circuit held that "28 U.S.C. § 636(c)(1) requires the consent of all plaintiffs and defendants named in the complaint—irrespective of service of process—before jurisdiction may vest in a magistrate judge to hear and decide a civil case that a district court would otherwise hear." Id. at 501.

Here, Defendants were not served at the time the court issued its order dismissing claims and defendants, and therefore had not appeared or consented to magistrate judge jurisdiction. Accordingly, the magistrate judge lacked jurisdiction to dismiss Plaintiff's claims and defendants based solely on Plaintiff's consent.

In light of the holding in Williams, this court will recommend to the assigned district judge that he dismiss the defendants and claims previously dismissed by this court, for the reasons provided in the court's screening order.

### III.  CONCLUSION AND RECOMMENDATIONS

The court finds that this case should proceed only against defendants Correctional Officers Humberto German, Philip Holguin, and R. Bunitzki for use of excessive force in violation of the Eighth Amendment, and against Correctional Officer Philip Holguin for retaliation in violation of the First Amendment, and all other claims and defendants should be dismissed based on Plaintiff's failure to state a claim, for the reasons provided in the court's October 12, 2017, order.

Therefore, for the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. In light of the holding in Williams, the district judge dismiss the claims and defendants previously dismissed by the magistrate judge on October 12, 2017;
2. This case now proceed with Plaintiff's First Amended Complaint, filed on March 14, 2016, against Defendants Correctional Officers Humberto German, Philip Holguin, and R. Bunitzki for use of excessive force in violation of the Eighth Amendment, and against Correctional Officer Philip Holguin for retaliation in violation of the First Amendment;

3. All other claims and defendants be dismissed from this action for failure to state a claim under § 1983 upon which relief may be granted, for the reasons provided in the magistrate judge's October 12, 2017, order;

4. Defendants C/O Summer Cordova, C/O L. Borgess, C/O R. Womack, C/O D. Lovelady, C/O D. Menzie, C/O D. Botello, C/O S. Pano, C/O R. Leal, Sergeant J. Martinez, Sergeant W. Rasley, and Sergeant J. Hubbard be dismissed from this action for Plaintiff's failure to state any claims under § 1983 against them upon which relief may be granted; and

5. Plaintiff's claims for failure to protect, false reports, and destruction of video be dismissed from this action based on Plaintiff's failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 21, 2017**              **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE