UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE HARRIS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>HUMBERTO GERMAN, et al.,<br><br>　　　　Defendants. | 1:15-cv-01462-DAD-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER<br>(ECF No. 40.)<br><br>ORDER RE-OPENING DISCOVERY AND SETTING NEW DEADLINES TO COMPLETE DISCOVERY AND FILE DISPOSITIVE MOTIONS, FOR ALL PARTIES<br><br>**New Discovery Deadline:**　　　November 30, 2018<br><br>**New Dispositive Motions Deadline:**　January 30, 2019 |

**I.　BACKGROUND**

　　　Plaintiff Devonte Harris is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Bunitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment. (ECF No. 8.)

On March 19, 2018, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of August 18, 2018, and a deadline of October 18, 2018 for filing dispositive motions. (ECF No. 37.) On August 23, 2018, Plaintiff filed a motion to modify the Scheduling Order. (ECF No. 40.) Defendants have not filed an opposition, and the time to do so has expired.

**II.     MOTION TO MODIFY SCHEDULING ORDER**

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests a sixty-day extension of the discovery deadline asserting that he has not had access to the law library, his personal legal books, or the documents related to his case for the majority of the time since issuance of the scheduling order, due to events at the prison out of his control. Defendants have not opposed an extension of the discovery deadline.

The court finds good cause to extend the discovery deadline and the deadline to file dispositive motions, for all parties to this case. Plaintiff has shown that he was diligent in attempting to conduct discovery but was unable to meet the court's deadline. Therefore, Plaintiff's motion to modify the Discovery and Scheduling Order shall be granted.

**III.     CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the court's March 19, 2018 Discovery and Scheduling Order, is GRANTED;

///

///

2. Discovery is re-opened, and the deadline for the completion of discovery, including the filing of motions to compel, is extended from August 18, 2018 to **November 30, 2018**; for all parties to this action;

3. The deadline for filing and serving pretrial dispositive motions is extended from October 18, 2018 to **January 30, 2019** for all parties to this action; and

4. All other provisions of the court's March 19, 2018 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **September 21, 2018**                **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE