| | |
|---|---|
| DEVONTE HARRIS, | 1:15-cv-01462-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS AGAINST DEFENDANTS** |
| vs. | **(ECF No. 73.)** |
| HUMBERTO GERMAN, et al., | |
| Defendants. | |

## I.    BACKGROUND

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 28, 2015.  (ECF No. 1.)  This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.  (ECF No. 8.)

On August 30, 2019, Plaintiff filed a motion for the court to sanction Defendants by entering default judgment against them for spoliation of evidence.  (ECF No. 73.)  On September 19, 2019, Defendants filed an opposition to the motion.  (ECF No. 74.)  On October 3, 2019, Plaintiff filed a reply to the opposition.  (ECF No. 78.)  Plaintiff's motion for sanctions is now before the court.  Local Rule 230(*l*).

## II.    SPOLIATION OF EVIDENCE

Spoliation is the destruction or significant alteration of evidence or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. United States v. Kitsap Physicians Svs., 314 F.3d 995, 1001 (9th Cir. 2002) (citing Akiona v. United States, 938 F.2d 158, 161 (9th Cir. 1991)).  For a finding of spoliation, a party must show that "(1) the party with control over the evidence had an obligation to preserve it at the time of destruction; (2) the evidence was destroyed with a 'culpable state of mind'; and (3) the evidence was relevant to the party's claim or defense." In re Hitachi Television Optical Block Cases, 2011 WL 3563781, at *5 (S.D. Cal. Aug. 12, 2011) (quoting Zubulake v. UBS Warburg, LLC, 220 F.R.D. 212, 220 (S.D. N.Y. 2003); see also Kitsap Physicians Serv., 314 F.3d at 1001 (willful spoliation occurs when a party destroys evidence after being given notice that documents were potentially relevant to the litigation before they were destroyed)).  Once spoliation is shown, the guilty party has the burden of demonstrating that no prejudice resulted from the spoliation.  Id. at 6 (quoting Hynix Semiconductor Inc. v. Rambus, Inc., 591 F.Supp.2d 1038, 1060 (N.D. Cal., 2006) (internal citations omitted, overturned on other grounds).  "Prejudice is determined by looking at whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial, threatened to interfere with the rightful decision of the case, or forced the non-spoiliating party to rely on incomplete and spotty evidence."  Id. (citing Leon v. IDX Systems Corp., 464 F.3d 951, 959 (9th Cir. 2006)).

A party who has engaged in spoliation of evidence may be sanctioned under the inherent power of the federal courts to sanction abusive litigation practices or under Fed. R. Civ. P. 37. See Compass Bank v. Morris Cerullo World Evangelism, 104 F. Supp. 3d 1040, 1052–53 (S.D. Cal. 2015).

## III.    PLAINTIFF'S MOTION

Plaintiff moves the Court to sanction Defendants for spoliation of evidence because Defendants were unable to locate two videotaped interviews taken of Plaintiff on February 25, 2011 and August 28, 2011, after excessive force incidents at issue in this case.  Plaintiff shows that he submitted a request to Defendants to inspect the videotapes and Defendants responded

that after a reasonable search and diligent inquiry they were unable to locate the videos. (ECF No. 73 at 11-13.) Plaintiff seeks a court order sanctioning Defendants by entry of default judgment against them on his excessive force claims. In the alternative, Plaintiff requests that upon trial in this case the jury be instructed to draw an adverse inference that the videos disappeared to undermine the investigation into Plaintiff's excessive force and retaliation claims.

In opposition, Defendants argue that Plaintiff's request for sanctions is unsupported and improper because Defendants did not conduct themselves with willfulness, default, or bad faith. Defendants contend that Plaintiff cannot establish that Defendants were ever responsible for securing or retaining the alleged videos, and sanctions are improper because Plaintiff has not presented any evidence that the videos were willfully destroyed because of litigation. In addition, Defendants argue that Plaintiff cannot establish that either videotape was destroyed – Defendants were simply unable to locate either video after a reasonable search.

Plaintiff responds that lack of evidence of Defendants' personal involvement in spoliation does not absolve them from the imposition of sanctions because Defendants are agents of the California Department of Corrections and Rehabilitation (CDCR), and CDCR will indemnify them for any damages.

**IV.    DISCUSSION**

Plaintiff has not established that Defendants were responsible for preserving the videotapes at issue, or that they personally acted to cause the loss or destruction of the videotapes after being given notice that the videotapes were potentially relevant to Plaintiff's case. Plaintiff's argument that there is no requirement that Defendants personally act is without merit. Also, Plaintiff has not established, beyond his own speculation, that either of the videotapes was destroyed and not simply lost. Plaintiff admits in his motion that "it is impossible to obtain direct evidence of defendants' involvement in the disappearance of these videos." (ECF No. 73 at 6:7-10.)

Under these circumstances the court finds no evidence that any Defendant destroyed video tapes knowing that they were relevant to this case. Therefore, it would be inappropriate to sanction Defendants for spoliation of evidence.

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for sanctions, filed on August 30, 2019, is DENIED.

IT IS SO ORDERED.

Dated:    **December 5, 2019**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE