UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE HARRIS,<br><br>        Plaintiff,<br><br>   vs.<br><br>HUMBERTO GERMAN, et al.,<br><br>        Defendants. | 1:15-cv-01462-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br>**(ECF No. 75.)** |

## I. BACKGROUND

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and, against defendant C/O Philip Holguin for retaliation in violation of the First Amendment. (ECF No. 8.)

On March 19, 2018, the court issued a Discovery and Scheduling Order setting out pretrial deadlines for the parties, including a deadline of August 19, 2018, for completion of discovery. (ECF No. 37.) In the court's order, the parties were advised that "[a]ll discovery requests must be served at least 60 days before the discovery deadline." (Id. at 2:6.) (emphasis added)

On August 23, 2018, Plaintiff filed a motion for extension of the deadlines in the Discovery and Scheduling Order, (ECF No. 40), and on September 21, 2018, the court granted the motion and re-opened discovery setting new deadlines including a discovery deadline of November 30, 2018, (ECF No. 4.). The parties were advised that "[a]ll other provisions of the court's March 19, 2018 Discovery and Scheduling Order remain the same." (Id. at 3 ¶ 4.)

On April 25, 2019, the court reopened discovery again and set new deadlines, including a discovery deadline of August 30, 2019. (ECF No. 65.) The parties were again advised that "[a]ll other provisions of the court's March 19, 2018 Discovery and Scheduling Order remain the same." (Id. at 2 ¶ 4.)

On August 23, 2019, Plaintiff filed a motion for extension of the discovery deadline. (ECF No. 72.) On October 15, 2019, the court extended the discovery deadline to December 18, 2019, but *only* for the *limited purpose* of Plaintiff arranging and conducting depositions. (ECF No. 80.)

On September 20, 2019, Plaintiff filed a motion to compel responses to interrogatories. (ECF No. 75.) On October 10, 2019, Defendants filed an opposition to the motion. (ECF No. 79.) Plaintiff has not filed a reply to the opposition, and the time for filing such reply has expired. Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II. MOTION TO COMPEL

### Legal Standards -- Federal Rules of Civil Procedure 26(b), 33(a), 36, and 37(a)

Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

///

Under Rule 33(a), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Fed. R. Civ. P. 33(a)(1). An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and [a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted). Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath, Fed. R. Civ. P. 33(b)(3), and the grounds for objecting to an interrogatory must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981). Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure. Fed. R. Civ. P. 33(c). The responding party shall use common sense and reason. E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 924935, *8 (D. Kan. Apr. 30, 2008). A party answering interrogatories cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. Essex Builders Group, Inc. v. Amerisure Insurance Co., 230 F.R.D. 682, 685 (M.D. Fla. 2005). A responding party is not generally required to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made. Gorrell v. Sneath, 292 F.R.D. 629, 629 (E.D. Cal. Apr. 5, 2013); L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007). If a party cannot furnish details, he should say so under oath and say why and set forth the efforts used to obtain the information and cannot plead ignorance to information that is from sources within his control. Milner v. National School of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977). "However, where the answer states that no record exists, the court cannot compel the impossible." Id. at 633 (citing Moss v. Lane Co., 50 F.R.D. 122, 128 (W.D. Va. 1970), aff'd in part, remanded in part, 471 F.2d 853 (4th Cir. 1973)). A sworn answer indicating a lack of knowledge and no means of obtaining knowledge is not objectionable. Milner, 73 F.R.D. at 633 (citing Brennan v. Glenn Falls Nat. Bank & Trust Co., 19 F.R.Serv.2d 721, 722-23 (N.D.N.Y. 1974)). The responding party has a duty to supplement any responses if

///

the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

Rule 36 provides for requests for admissions as follows: "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or the opinions about either; and the genuineness of any described documents. Each matter must be separately stated. [¶] A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney . . . If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny. The grounds for objecting to a request must be stated . . . [¶] The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served . . . Rule 37(a)(5) applies to an award of expenses." Fed. R. Civ. P. 36(a) (emphasis added).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the

responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

### A.   **Plaintiff's Motion**

Plaintiff states that on July 31, 2019, he served Defendants with written discovery. (ECF No. 75 at 3:23-24.) Plaintiff provides evidence that on August 28, 2019, Defendants German, Holguin, and Burnitzki each served responses to Plaintiff's interrogatories, set two, and defendant Burnitzki served a response to Plaintiff's request for admissions, set one. (Depo. of Pltf., ECF No. 75 at 42-58.) Plaintiff argues that Defendants' responses were deficient and their objections were without merit. Plaintiff claims that Defendants failed to respond to any of the interrogatories, instead they asserted vague and unmeritorious objections.

Specifically, Plaintiff requests further responses to the following:

(1)   By defendant German –   Interrogatories, set two, nos. 8 through 20;

(2)   By defendant Holguin –   Interrogatories, set two, nos. 8 through 23;

(3)   By defendant Burnitzki –   Interrogatories, set two, no. 10; and

Request for Admissions, set one, no. 1.

Plaintiff claims that his interrogatories were timely served according to the prison mailbox rule and Rule 33(b) of the Federal Rules of Civil Procedure, and "[a]ny untimeliness was due to staff obstruction by defendants' coworkers." (ECF No. 75 at 6:9-13, 7:24-28, 9:22-26, 12:17-21, 13:23-27, 15:1-5, 16:24-29, 18:25-28, 20:7-11, 21:24-28, 23:1-5, 24:11-15, 25:27-26:1-3.)

Plaintiff declares that he lost the court's March 19, 2018 Discovery and Scheduling Order when he was temporarily transferred to another prison on April 7, 2018, and he is not aware of

the content of the order. (Pltf's Decl., ECF No. 75 at 31-32 ¶¶ 1-3.) Therefore, Plaintiff was not aware that discovery requests must be served at least 60 days before the discovery deadline. Plaintiff asserts that on April 24, 2019, the court reopened discovery, with a discovery deadline of August 30, 2019, but due to delays at the prison he was unable to make copies of his written discovery for months and finally served the discovery on July 31, 2019 without keeping a copy for himself. (Id. at 32-33 ¶¶ 4-10.) Plaintiff contends that his discovery requests were timely served according to Rule 33(b)(2) and the prison mailbox rule, giving Defendants 30 days to respond before the discovery deadline. (Id. at 33 ¶ 11.) Plaintiff declares that if there were modifications to those rules contained in the court's March 19, 2018 scheduling order, he was not aware of them because his copy of the order was lost. (Id. at 33 ¶ 12.) Plaintiff also declares that he was diligent, and any delay in the service of his discovery requests is due to staff obstruction by Defendants' co-workers. (Id. at 33-34 ¶ 13.)

### B. **Defendants' Opposition**

Defendants request that Plaintiff's motion to compel filed on September 20, 2019, be denied because Plaintiff's written discovery requests were served on Defendants in an untimely manner. In support, Defendants provide evidence that Plaintiff served the requests on July 31, 2019, which was well after the cut-off date established by the court in its Discovery and Scheduling Orders. The court's Discovery and Scheduling Order issued on March 19, 2018 required all discovery requests to be served at least 60 calendar days before the discovery deadline. (ECF No. 37 at 2.) On April 25, 2019, the court issued a new Scheduling Order resetting deadlines, establishing a new discovery deadline of August 30, 2019, and advising the parties that all other provisions of the March 19, 2018 Discovery and Scheduling Order remained the same. (ECF No. 65.) Defendants state that they asserted objections to Plaintiff's written discovery requests and refused to respond to the requests because Plaintiff served them after the court's cut-off date.

///
///
///

### C. Discussion

Plaintiff states that he served discovery requests on Defendants on July 31, 2019 but did not receive full answers. He argues that Defendants' responses to the interrogatories, set two, and request for admissions, set one, were deficient and their objections were without merit.

Plaintiff's discovery requests are untimely. The Discovery and Scheduling Order required the parties to serve any discovery requests on the other party at least 60 days before the discovery deadline. Because the discovery deadline was August 30, 2019, Plaintiff's discovery requests should have been served no later than July 1, 2019. Plaintiff did not serve his discovery requests until July 31, 2019, so they were untimely.

Plaintiff's motion provides no basis for this court to compel defendants to respond to his discovery requests. Plaintiff's arguments that his service was timely are without merit. Plaintiff has not shown, and the court finds no support for his argument that according to the mailbox rule and Rule 33(b), his service was timely. Plaintiff's deadline for serving discovery requests was established by the court's scheduling order, and Plaintiff failed to comply with the order.

Plaintiff's arguments that he should be excused from his untimely service are unpersuasive. Plaintiff argues that any untimeliness was due to staff obstruction by Defendants' coworkers, but he fails to provide any facts or evidence showing what Defendants' coworkers did to obstruct his ability to timely serve the discovery requests. Plaintiff asserts that he was not given enough access to the prison library to make copies before he served the discovery, but Plaintiff could have served the discovery requests -- and in fact did serve the discovery requests -- upon Defendants before he was able to make copies. Plaintiff admits that he lost the March 19, 2017 Discovery and Scheduling order and was not aware of the deadlines set therein. However, loss of the court's order, when Plaintiff could have easily requested another copy of the order from the court, does not excuse Plaintiff from his failure to comply with the order.

Thus, the Court finds that Plaintiff's discovery requests were untimely served, and therefore Plaintiff's motion to compel shall be denied.

///

///

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on September 20, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **February 5, 2020**                **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE