UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HUMBERTO GERMAN, et al.,<br><br>　　　　　Defendants. | 1:15-cv-01462-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**<br>**(ECF No. 86.)** |

## I.　BACKGROUND

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.  (ECF No.  8.)

On April 25, 2019, after Defendants' motion for summary judgment was denied, the court issued a new scheduling order reopening discovery and setting new deadlines for the parties. (ECF No. 65.) The new deadline for completion of discovery, including the filing of motions to compel,

1  was August 30, 2019. The new deadline for filing dispositive motions was set at October 30, 2019.
2  (Id.) On October 15, 2019, the court extended the discovery deadline to December 18, 2019, for the
3  limited purpose of Plaintiff arranging and conducting depositions, and also extended the deadline for
4  filing dispositive motions to February 18, 2020.  (ECF No. 80.)  On January 30, 2020, the court
5  granted Plaintiff a 60-day extension time to file a motion to compel and conduct depositions.  (ECF
6  No. 85.)  The  deadlines are now expired.

7        On September 24, 2019, the court granted Plaintiff's prior motion to compel (ECF No.
8  58) and ordered Defendants to provide Plaintiff with "a copy of the Confidential Appeal
9  Supplement to 602 log no. COR-11-01080 dated May 22, 2011" no later than October 25, 2019.
10  (ECF No. 77 at 15:12-13).

11        On January 30, 2020, Plaintiff filed the present motion to compel.  (ECF No. 86.)  On
12  February 5, 2020, Defendants filed an opposition.  (ECF No. 88.)  On February 28, 2020, Plaintiff
13  filed a reply to the opposition.  (ECF No. 90.)  Plaintiff's motion to compel (ECF No. 86) is now
14  before the court.  Local Rule 230(*l*).

15  **II.    MOTION TO COMPEL**

16        **Legal Standards -- Federal Rules of Civil Procedure 26(b), 37(a)**

17        Under Rule 26(b), "[U]nless otherwise limited by court order, the scope of discovery is
18  as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to
19  any party's claim or defense and proportional to the needs of the case, considering the importance
20  of the issues at stake in the action, the amount in controversy, the parties' relative access to
21  relevant information, the parties' resources, the importance of the discovery in resolving the
22  issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.
23  Information within this scope of discovery need not be admissible in evidence to be
24  discoverable." Fed. R. Civ. P. 26(b)(1).

25        Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may
26  move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ.
27  P. 37(a)(3)(B).  The court may order a party to provide further responses to an "evasive or
28  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).  "District courts have

'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

### III. PLAINTIFF'S MOTION TO COMPEL (ECF No. 86.)

Plaintiff seeks an order compelling Defendants to produce further documents in response to the court's order issued on September 24, 2019 ("Order"). Plaintiff claims that defendant Holguin failed to abide by the Order and made disingenuous responses.

On October 22, 2019, Defendants provided Plaintiff with a copy of the Confidential Appeal Supplement to 602 log no. COR-11-01080 dated May 22, 2011 ("Confidential Appeal Supplement"). (ECF No. 86 at 3 ¶ 7, Exh. D.) Plaintiff argues that the Order made it clear that Defendants were required to also disclose the Internal Affairs Investigatory Report. Plaintiff also argues that Defendants are withholding four other documents: (1) CDCR 3013-2 - Inmate Interview for Allegation Worksheet, (2) CDCR 3014 – Report of Findings – Inmate Interview, (3) CDCR 3034 IERC Allegation Review, and (4) CDCR 3036 – Review of OERC Critique and Qualitative Evaluation. (ECF No. 86 at 3-4 ¶ 10.)  Plaintiff asserts that these four documents are "specifically referenced in O.P. 439" (CDCR's 2018 Operational Procedure No. 439), and "[i]t is clear that these documents are responsive to my document request and disclosable under the Court's Order." (ECF No. 86 at 3-4 ¶¶ 11- 12, Exh. C.)  Plaintiff explains that the only reason he did not request the documents with specificity previously is "because of defendants' misleading representation that only the Confidential Appeal Inquiry was responsive." (ECF No.

86 at 4 ¶ 13.) Plaintiff requests the court to compel Defendants to provide him with the following additional documents related to Plaintiff's allegation of excessive force on February 24, 2011, in response to the court's Order:

1. Internal Affairs Investigatory Report;
2. CDCR 3013-2 - Inmate Interview for Allegation Worksheet;
3. CDCR 3014 – Report of Findings – Inmate Interview;
4. CDCR 3034 IERC Allegation Review, and
5. CDCR 3036 – Review of OERC Critique and Qualitative Evaluation.

In opposition, Defendants argue that they complied with the court's "explicit" order and did not violate that order by not producing *other* documents that are not the subject of the order. (ECF No. 88 at 1:26-27.) (Emphasis in original.) Defendants argue that none of the additional documents requested by Plaintiff were identified anywhere in any previous request for production, and Defendants did not locate any documents matching Plaintiff's description after a thorough search. Defendants deny that any other documents responsive to Plaintiff's discovery request were created based on a policy from 2018, seven years after the incident at issue in this case.

Plaintiff replies that Defendants claimed that the Confidential Appeal Supplement was the only document responsive to Plaintiff's request, but it was abundantly clear that the court's order included the Internal Affairs investigative report, which Defendants did not produce.

**IV. DISCUSSION**

A review of Defendants' response to the court's September 24, 2019 order shows that Defendants fully complied with the Order. The Order specifically required Defendants to provide Plaintiff with a copy of the "Confidential Appeal Supplement to 602 log no. COR-11-01080 dated May 22, 2011," no later than October 25, 2019. (ECF No. 15 at 15.:12-14.) Plaintiff has acknowledged that on October 22, 2019 Defendants provided him with a copy of the specified Confidential Appeal Supplement. (ECF No. 86 at 3 ¶ 7, Exh. D.)

Plaintiff claims that he would have asked for other documents in his motion to compel if he knew about them. This argument is unpersuasive. The only Request at issue in the motion to

compel is Plaintiff's Request for Production, set one, no. 1, and Plaintiff cannot add additional document requests at this late stage of the proceedings.

Plaintiff argues that Defendants should have realized that he needed additional documents that he did not specifically request, however Defendants are not required to speculate about which documents Plaintiff needs or wants. They are only required to respond to the court's order as written, which is what they did.

## V.   CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion to compel filed on January 30, 2020, is DENIED.

IT IS SO ORDERED.

Dated:   **June 4, 2020**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE