UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE HARRIS,<br><br>         Plaintiff,<br><br>    vs.<br><br>HUMBERTO GERMAN, et al.,<br><br>         Defendants. | 1:15-cv-01462-DAD-GSA-PC<br><br>**ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT CONFERENCE WOULD BE BENEFICIAL**<br><br>**THIRTY-DAY DEADLINE** |

**I.    BACKGROUND**

Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.  (ECF No. 8.)

On April 25, 2019, after Defendants' motion for summary judgment was denied, the court issued a new scheduling order reopening discovery and setting new deadlines for the parties. (ECF No. 65.) The new deadline for completion of discovery, including the filing of motions to compel, was August 30, 2019, along with the new deadline for filing dispositive motions on October 30, 2019. (Id.) On October 15, 2019, the court extended the discovery deadline to December 18, 2019, for the limited purpose of Plaintiff arranging and conducting depositions, and also extended the deadline for filing dispositive motions to February 18, 2020.  (ECF No. 80.)  On January 30, 2020, the court granted Plaintiff a 60-day extension time to file a motion to compel and conduct depositions.  (ECF No. 85.)  These deadlines are now expired, and no motions are pending.

At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

## II.   SETTLEMENT PROCEEDINGS

The Court is able to refer cases for mediation before a participating United States Magistrate Judge.  Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California.  Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference.  If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall each file a written response to this order, notifying the Court whether they believe, in good faith, that settlement in this case is a

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

possibility and whether they are interested in having a settlement conference scheduled by the Court.[2]

IT IS SO ORDERED.

    Dated:   **June 5, 2020**                      **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.