UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B HARRIS,<br><br>       Plaintiff,<br><br>    v.<br><br>HUMBERTO GERMAN, et al.,<br><br>       Defendants. | 1:15-cv-01462-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 93) |

On June 25, 2020, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 93.) Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, plaintiff asserts that he is incarcerated and representing himself, attorneys have declined to represent him despite his ability to pay, and he requires assistance to obtain evidence in support of his claims. While these conditions make litigation difficult for plaintiff, these conditions alone do not make plaintiff's case exceptional. While it is true that the court has found that "[p]laintiff states cognizable claims against defendants Holguin, German, and Bunitzki for use of excessive force . . . and against defendant Holguin for retaliation," this finding is not a determination that plaintiff is likely to succeed on the merits, and at this juncture the court cannot find that plaintiff is likely to succeed on the merits. (ECF No. 21 at 12:21-23.) Plaintiff's claims for excessive force and retaliation do not appear complex, and based on a review of the record in this case, it appears that plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel, filed on June 25, 2020, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 9, 2020**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE