UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEVONTE HARRIS,

        Plaintiff,

  vs.

HUMBERTO GERMAN, et al.,

        Defendants.

**1:15-cv-01462-DAD-GSA-PC**

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
**(ECF No. 86.)**

I.     **BACKGROUND**

      Devonte Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds with the First Amended Complaint filed by Plaintiff on March 14, 2016, against defendants Correctional Officer (C/O) Humberto German, C/O Philip Holguin, and C/O R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.  (ECF No.  8.)

      On December 6, 2019, the court issued an order denying Plaintiff's motion for imposition of discovery sanctions on Defendants.  (ECF No. 84.)  On October 29, 2020, Plaintiff filed a motion for reconsideration of the order.  (ECF No. 105.)

1

## II.    MOTION FOR RECONSIDERATION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding" for reasons (1), (2), and (3). Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff has not set forth facts or law of a strongly convincing nature in his motion for reconsideration to induce the Court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

**III.    CONCLUSION**

Based on the foregoing**, IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on October 29, 2020, is DENIED.

IT IS SO ORDERED.

Dated:    **October 31, 2020**                                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE