UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>    Plaintiff,<br><br>vs.<br><br>GERMAN, et al.,<br><br>    Defendants. | 1:15-cv-01462-ADA-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE BASED ON PLAINTIFF'S FALSEHOOD**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

## I.    PROCEDURAL HISTORY

Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.)  This case now proceeds with Plaintiff's First Amended Complaint filed on March 14, 2016, against defendants Correctional Officers (C/O) Humberto German, Philip Holguin, and R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.[1] (ECF No. 8.)

---

[1] On January 17, 2018, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 31.)

1

## II. BACKGROUND

On August 5, 2022, the Court issued an order to show cause, requiring Plaintiff to respond within 20 days showing cause why this case should not be dismissed for his failure to file his pretrial statement. (ECF No. 114.) On August 31, 2022, Plaintiff filed a motion for a 14-day extension of time to respond to the order to show cause. (ECF No. 117.) Plaintiff declared, under penalty of perjury, that he was not able to access the law library at the prison before the deadline to respond to the order to show cause. (Declaration of Devonte B. Harris, ECF No. 117 at 2 ¶ 2.)

On September 2, 2022, Defendants filed the declaration of P. Williams, Litigation Coordinator for Corcoran State Prison, who provided evidence that contrary to Plaintiff's declaration, Plaintiff had been to the law library nine times between June 9, 2022 and August 15, 2022, on the following dates:

    a.    June 9, 2022;

    b.    June 16, 2022;

    c.    June 23 2022;

    d.    June 27, 2022;

    e.    July 7, 2022;

    f.    July 11, 2022;

    g.    July 19, 2022;

    h.    July 26, 2022; and

    i.    August 15, 2022.

(Declaration of P. Williams, ECF No. 118 at 2 ¶ 4.) Thus, evidence shows that Plaintiff attended the law library on August 15, 2022, which was well before the deadline for Plaintiff to respond to the Court's order to show cause. (Id. at 17.) This evidence is contrary to Plaintiff's declaration, in which Plaintiff declares, under penalty of perjury, that he was not able to access the library before the deadline to respond to the order to show cause.

On September 14, 2022, the Court issued another order to show cause, requiring Plaintiff to respond to the order within 20 days, showing cause why this case should not be dismissed

based on the apparent falsehood written by Plaintiff in his declaration. (ECF No. 120.) On October 7, 2022, Plaintiff responded to the order to show cause. (ECF No. 121.) Plaintiff contends that "[t]he Court appears to be misled by the defendant conflating the reason I requested an extension with the reason I did not file a pretrial statement." (Id. at 4 ¶ 12.) Plaintiff called Defendants "impetuous" for providing the Court with evidence demonstrating his false claims and attempted to explain his sworn statements. (Id. at 4-5.)

On October 11, 2022, Defendants replied to Plaintiff's response. (ECF No. 122.) Defendants argue that Plaintiff fails to show cause why this case should not be dismissed as he did not comply with the Court's order to file a pretrial statement, he has filed false declarations, and there is no indication that he will comply with future Court orders. Defendants show that in the Court's Second Scheduling Order issued on March 3, 2021, (ECF No. 110 at 5), the Court made explicit the sanctions which could be imposed should the parties fail to file pretrial statements: "The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of sanctions, which may include dismissal of the action or entry of default," (Id). By October 11, 2022, the date of Defendants' reply, Plaintiff had not filed his pretrial statement.[2]

Defendants also argue that Plaintiff has not shown cause why his case should not be dismissed for filing a false declaration. Defendants argue that the statement in Plaintiff's declaration that, "I have not been able to access library before deadline," is demonstrably false, which Plaintiff conceded, admitting that he accessed the library on August 15, 2022, before the deadline to respond to the order to show cause. (Id.)

**III.    DISCUSSION**

Plaintiff has clarified that on August 31, 2022, he requested an extension of time to file a response to the Court's order to show cause, not to file his pretrial statement. However, Plaintiff has not adequately explained why he declared that he was unable to access the law library at the prison before the deadline to respond to the order to show cause, when evidence shows that he

---

[2] Plaintiff filed his pretrial statement on October 14, 2022. (ECF No. 123.)

attended the law library on August 15, 2022. Plaintiff contends that his words were misinterpreted, and he explains as follows:

> "The court issued the first order to show cause on 8/4/22 and only one of the nine dates of library access cited by defendants occurred thereafter on 8/15/22. This was 9 days before the deadline for my order to show cause. Prisoners are allowed to access the library for 4 hours per week within 30 days of a verified legal deadline. CCR § 3123(h). Therefore, I should have accessed the library the week of my deadline from 8/22/22 to 8/24/22. I did not. Therefore, I declared under penalty of perjury that I hadn't accessed the library <u>before</u> my deadline. I did not declare under penalty of perjury that I hadn't accessed the library between 8/4/22 and 8/24/22! If a parent directs their child to brush their teeth before bedtime, it is unlikely they were referring to after breakfast. So to the extent my words were misinterpreted, the Court now has clarification from the source."

(ECF No. 121 ¶¶ 13-20.)

Plaintiff's contention that the time period "<u>before</u> his August 24th deadline" does not include August 15th is illogical and fails to persuade the Court that his apparent falsehood was not meant to mislead the Court. Moreover, Plaintiff's argument that he failed to file his pretrial statement until October 14, 2022, because he was busy litigating his other cases and failed to keep track of his deadlines in this case is not well taken. Even after the Court made Plaintiff aware of his missed deadline, he did not file the pretrial statement until more than two months later. Plaintiff's delay caused the Court to vacate the pretrial conference scheduled for September 26, 2022.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. <u>Moody v. Inch</u>, No. 3:20cv5420/LAC/EMT, 2020 U.S.Dist.LEXIS 102937, at *6-7 (N.D.Fla. May 11, 2020). If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. <u>Id.</u> The court will not tolerate false responses or statements in any pleading or motion filed before it. <u>Id.</u> Here, Plaintiff filed a

declaration under penalty of perjury with false and misleading information. If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for him to use falsehoods in the future. Furthermore, if word spread around the prisons that false information was tolerated by the court, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses, is to dismiss this cause without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Spires, Case No. 3:00cv249/RH, 2000 U.S.Dist.LEXIS 23224, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). In general, a dismissal without prejudice does not amount to an abuse of discretion. Moody, 2020 U.S.Dist.LEXIS 102937, at *3-4; see Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion).

Plaintiff also should be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.

**IV.    RECOMMENDATIONS AND CONCLUSION**

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case be dismissed without prejudice, based on Plaintiff's apparent falsehood to the Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised

that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 2, 2022**                    **/s/ Gary S. Austin**
                                                                        UNITED STATES MAGISTRATE JUDGE