UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>GERMAN, et al.,<br><br>        Defendants. | 1:15-cv-01462-ADA-GSA-PC<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE BASED ON PLAINTIFF'S FALSEHOOD**<br><br>**OBJECTIONS TO AMENDED FINDINGS AND RECOMMENDATIONS DUE WITHIN FOURTEEN (14) DAYS** |

**I.    PROCEDURAL HISTORY**

Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.) This case now proceeds with Plaintiff's First Amended Complaint filed on March 14, 2016, against defendants Correctional Officers (C/O) Humberto German, Philip Holguin, and R. Burnitzki (collectively, "Defendants"), for use of excessive force in violation of the Eighth Amendment; and against defendant C/O Philip Holguin for retaliation in violation of the First Amendment.[1] (ECF No. 8.)

---

[1] On January 17, 2018, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (ECF No. 31.)

1

**II.     BACKGROUND**

On August 5, 2022, the Court issued an order to show cause, requiring Plaintiff to respond within 20 days showing cause why this case should not be dismissed for his failure to file his pretrial statement. (ECF No. 114.) On August 31, 2022, Plaintiff filed a motion for a 14-day extension of time to respond to the order to show cause. (ECF No. 117.) Plaintiff declared, under penalty of perjury, that he was not able to access the law library at the prison before the deadline to respond to the order to show cause. (Declaration of Devonte B. Harris, ECF No. 117 at 2 ¶ 2.)

On September 2, 2022, Defendants filed the declaration of P. Williams, Litigation Coordinator for Corcoran State Prison, who provided evidence that contrary to Plaintiff's declaration, Plaintiff had been to the law library nine times between June 9, 2022 and August 15, 2022, on the following dates:

   a.     June 9, 2022;
   b.     June 16, 2022;
   c.     June 23 2022;
   d.     June 27, 2022;
   e.     July 7, 2022;
   f.     July 11, 2022;
   g.     July 19, 2022;
   h.     July 26, 2022; and
   i.     August 15, 2022.

(Declaration of P. Williams, ECF No. 118 at 2 ¶ 4.) Thus, evidence shows that Plaintiff attended the law library on August 15, 2022, which was well before the deadline for Plaintiff to respond to the Court's order to show cause. (Id. at 17.) This evidence is contrary to Plaintiff's declaration, in which Plaintiff declares, under penalty of perjury, that he was not able to access the library before the deadline to respond to the order to show cause.

On September 14, 2022, the Court issued another order to show cause, requiring Plaintiff to respond to the order within 20 days, showing cause why this case should not be dismissed

based on the apparent falsehood written by Plaintiff in his declaration. (ECF No. 120.) On October 7, 2022, Plaintiff responded to the order to show cause. (ECF No. 121.) Plaintiff contends that "[t]he Court appears to be misled by the defendant conflating the reason I requested an extension with the reason I did not file a pretrial statement." (Id. at 4 ¶ 12.) Plaintiff called Defendants "impetuous" for providing the Court with evidence demonstrating his false claims and attempted to walk back his sworn statements. (Id. at 4-5.)

On October 11, 2022, Defendants replied to Plaintiff's response. (ECF No. 122.) Defendants argue that Plaintiff fails to show cause why this case should not be dismissed, as he did not comply with the Court's order to file a pretrial statement, he has filed false declarations, and there is no indication that he will comply with future Court orders. Defendants show that in the Court's Second Scheduling Order issued on March 3, 2021, (ECF No. 110 at 5), the Court made explicit the sanctions which could be imposed should the parties fail to file pretrial statements: "The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of sanctions, which may include dismissal of the action or entry of default," (Id). By October 11, 2022, the date of Defendants' reply, Plaintiff had not filed his pretrial statement.[2]

Defendants also argue that Plaintiff has not shown cause why his case should not be dismissed for filing a false declaration. Defendants argue that the statement in Plaintiff's declaration that "I have not been able to access library before deadline," is demonstrably false, which Plaintiff conceded, admitting that he accessed the library on August 15, 2022, before the deadline to respond to the order to show cause. (Id.)

**III. DISCUSSION**

    A. Plaintiff has clarified that on August 31, 2022, he requested an extension of time to file a response to the Court's order to show cause, not to file his pretrial statement. However, Plaintiff has not adequately explained why he declared that he was unable to access the law library at the prison before the deadline to respond to the order to

---

[2] Plaintiff filed his pretrial statement on October 14, 2022. (ECF No. 123.)

show cause, when evidence shows that he attended the law library on August 15, 2022. Plaintiff contends that his words were misinterpreted, and he explains as follows:

> "The court issued the first order to show cause on 8/4/22 and only one of the nine dates of library access cited by defendants occurred thereafter on 8/15/22. This was 9 days before the deadline for my order to show cause. Prisoners are allowed to access the library for 4 hours per week within 30 days of a verified legal deadline. CCR § 3123(h). Therefore, I should have accessed the library the week of my deadline from 8/22/22 to 8/24/22. I did not. Therefore, I declared under penalty of perjury that I hadn't accessed the library before my deadline. I did not declare under penalty of perjury that I hadn't accessed the library between 8/4/22 and 8/24/22! If a parent directs their child to brush their teeth before bedtime, it is unlikely they were referring to after breakfast. So to the extent my words were misinterpreted, the Court now has clarification from the source."

(ECF No. 121 ¶¶ 13-20.)

Plaintiff's contention that the time period "before his August 24th deadline" does not include August 15th is illogical and fails to persuade the Court that his apparent falsehood was not meant to mislead the Court. Moreover, Plaintiff's argument that he failed to file his pretrial statement until October 14, 2022, because he was busy litigating his other cases and failed to keep track of his deadlines in this case is not well taken. Even after the Court made Plaintiff aware of his missed deadline, he did not file the pretrial statement until more than two months later. Plaintiff's delay caused the Court to vacate the pretrial conference scheduled for September 26, 2022.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. Moody v. Inch, No. 3:20cv5420/LAC/EMT, 2020 U.S.Dist.LEXIS 102937, at *6-7 (N.D.Fla. May 11, 2020). If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. Id. The court will not tolerate false

1  responses or statements in any pleading or motion filed before it.  Id.  Here, Plaintiff filed a
2  declaration under penalty of perjury with false and misleading information.  If Plaintiff suffered
3  no penalty for his untruthful response, there would be little or no disincentive for his attempt to
4  persuade the Court of a falsehood. Furthermore, if word spread around the prisons that false
5  information was tolerated by the court, the court might be confronted with widespread abuse
6  from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false response
7  to go unpunished.

8  The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial
9  process in not providing the court with true factual statements or responses is to dismiss this
10 cause without prejudice. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (dismissal of
11 an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence
12 of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Spires, Case No.
13 3:00cv249/RH, 2000 U.S.Dist.LEXIS 23224, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal
14 without prejudice is not too severe a sanction under these circumstances."). In general, a
15 dismissal without prejudice does not amount to an abuse of discretion. Moody, 2020
16 U.S.Dist.LEXIS 102937, at *3-4; see Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499
17 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court
18 order, was not an abuse of discretion).

19 B. In addition, regarding the potential application of the Statute of Limitations, Section
20 1983 creates a Federal cause of action, but it does not provide a specific statute of
21 limitation—instead Section 1983 borrows the limitation period and the rules
22 governing tolling from the forum state (in this case, California); (See, McClellan v.
23 Lozano 2018 US Dist Lexis 148476). In this regard California treats an action,
24 dismissed without prejudice as if no action has been brought, unless a statute specifies
25 otherwise (McClellan, supra). Therefore, given that the events at issue in this case
26 occurred in 2011 according to Plaintiff's 2015 complaint, without the application of
27 the doctrine of equitable tolling a dismissal in this case **without** prejudice may well
28 effectively amount to a dismissal **with** prejudice. However, and importantly, Federal

and California State courts apply California's equitable tolling doctrine to toll the limitation period in section 1983 claims (See, Serrato v. Cnty. of L.A. 2016 US Dist. Lexis 96095). Equitable tolling in California is a judicially created doctrine that will, where applicable, suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness (See, Ball Up, LLC v. Singer 2021 Cal.Super. Lexis 2166). Under California's definitive three-pronged test for the invocation of California's equitable tolling doctrine, a Plaintiff's pursuit of a remedy in ANOTHER FORUM equitably tolls the limitations period if the Plaintiff's actions satisfy the following three factors: 1-timely notice to the defendants in filing the first action; 2-lack of prejudice to the defendants in gathering evidence for the second claim; and, 3 good faith and reasonable conduct in filing the second claim (See, Serrato, supra). Although equitable tolling apparently does not operate to toll the statute of limitations if plaintiff files his/her successive complaint in the same judicial forum (See, Bass v Tootell 2015 US Dist Lexis 33047), the converse is true if the case is filed in a different forum (McClellan, supra) and Plaintiff satisfies the three prong test stated above. Additionally, the dismissal of the first case must not have been on the merits (See, Golin v Allenby 2015 Cal.Super. Lexis 17783), which it will not be in this case. In the Golin case, Plaintiff's filed their case originally in Federal Court, later that case was dismissed on a basis other than the merits. Thereafter the Golin Plaintiffs filed their lawsuit in state court (California) wherein the Golin Court applied the three factors listed above to determine if the equitable tolling doctrine applied favorably to the Plaintiffs. Thus, in the case at bar, it is not true that dismissal **without** prejudice will necessarily act to bar a second suit in a California forum court.

Finally, Plaintiff should be warned that false statement is court pleadings will not be ignored nor taken lightly by the Court.

**IV.    RECOMMENDATIONS AND CONCLUSION**

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that this case be dismissed without prejudice, based on Plaintiff's falsehood to the Court.

These amended findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these amended findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen (14) days** after the date the objections are filed. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 24, 2022**                    **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE