UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GERMAN, et al.,<br><br>　　　　　Defendants. | No. 1:15-CV-01462-ADA-GSA (PC)<br><br>ORDER ADOPTING AMENDED FINDINGS AND RECOMMENDATIONS IN FULL AND DISMISSING THE CASE, WITHOUT PREJUDICE<br><br>(ECF No. 128) |

Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 28, 2022, the assigned Magistrate Judge issued an amended findings and recommendations, recommending that this case be dismissed, without prejudice, based on Plaintiff's falsehood. (ECF No. 128.) On December 12, 2002, Plaintiff filed objections to the amended findings and recommendations. (ECF No. 129.) On December 21, 2022, Defendants filed a response to the objections. (ECF No. 130.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections and Defendants' response to the objections, the Court finds the amended findings and recommendations to be supported by the record and proper analysis.

In his objections, Plaintiff argues that "the Ninth Circuit generally exercises a policy of restraint in imposing sanctions" in contrast to the Eleventh Circuit. (ECF No. 129 at 6.) Plaintiff relies on *Lemoge v. United States*, 587 F.3d 1188 (9th Cir. 2009), to argue that Plaintiff's falsehoods should be considered excusable neglect to prevent the dismissal of his action. "Excusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" *Lemoge*, 587 F.3d at 1192 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)). The Court finds that Plaintiff's falsehoods are neither attributable to negligence nor caused by carelessness. Rather, Plaintiff deliberately presented a falsehood to the Court. Therefore, the Court does not find that Plaintiff's falsehood constitutes excusable neglect to prevent the dismissal of this action.

Plaintiff further argues that "[t]he harsh remedy of dismissal should be imposed only in 'extreme circumstances.'" (ECF No. 129 at 6.) Plaintiff relies on *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428 (9th Cir. 1990) to encourage the Court to consider less drastic alternatives other than dismissal. However, the Court orders the dismissal of the case *without* prejudice, not with prejudice as in *Hamilton Copper*. Dismissal without prejudice is a less drastic alternative in comparison to dismissal with prejudice. The issuance of this order is warranted because Plaintiff's circumstances are similar to those addressed in *Uribe v. McKesson*, No. 1:08-CV-01285-SMS PC, 2011 WL 3925077, at *4 (E.D. Cal. Sept. 7, 2011). In *Uribe*, the court found that the plaintiff intentionally misled the court and dismissed the action, with prejudice, as a sanction for the plaintiff's filing of a false declaration in support of his opposition to the defendants' motion for summary judgment. *Uribe*, 2011 WL 3925077, at *5. The court reasoned that despite the plaintiff's *pro se* status, filing a false declaration would violate the standard for any litigant. *Id.* at *4. The court further found that the delay in proceedings is due to the plaintiff's conduct. *Id.* at *5. Here, Plaintiff attempted to intentionally mislead the Court with falsehoods, and his falsehoods have caused delay of the case that has been pending since 2015. As a result, the Court dismisses the case, without prejudice.

///

1  Accordingly,

2  1. The amended findings and recommendations issued on November 28, 2022, (ECF No.
3     128), are ADOPTED IN FULL;
4  2. This case is dismissed, without prejudice, based on Plaintiff's falsehood; and
5  3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   January 25, 2023

UNITED STATES DISTRICT JUDGE